WARSHAWSKY, Respondent, vs. ROSENGARTEN and another, Appellants.

*December 17, 1907—January 8, 1908.*

*Trover and conversion: Sales: When title passes: Evidence.*

In an action for the conversion of certain goods purchased by the plaintiff from the defendants, evidence as to the conduct of the parties, stated in the opinion, the payment of the purchase price before delivery, and the control of the transfer and shipment of the goods by the plaintiff, are *held* to support a finding by the jury that the parties intended that the title to the goods should pass at the time of the purchase.

APPEAL from a judgment of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

Plaintiff is a junk dealer in the city of Chicago. Defendants are collectors of and dealers in junk in the city of Beloit. The complaint alleges that plaintiff purchased from the defendants a certain lot of junk at an agreed price of $800; that this sale was consummated at the defendants' place of business in Beloit; that the goods were all in the storeroom of the defendants when they were purchased and part of the purchase price was paid; and that the defendants agreed to haul the junk for plaintiff from defendants' storeroom to the cars secured for the shipment and to ship the same to the plaintiff at his place of business in Chicago. It is alleged that at the time of the delivery of the junk the defendants unlawfully and wrongfully converted a portion thereof of the value of $200 to their own use. It is also alleged that the defendants, for the purpose of preventing the discovery of the conversion, wilfully and purposely misdirected the cars by shipping the junk to a point far distant from plaintiff's place of business in Chicago. Plaintiff alleges that because of the misdirection of the cars he was put to great expense in recovering the goods and that he lost much of the time of his men by being prevented from working on the material.

There was evidence that part of the goods which were in the storeroom, the contents of which were included in the sale, were taken therefrom to the cars but were never placed in the cars. There was also evidence as to the amount and character of these goods and that on the day after the loading they were taken back to the defendants' storeroom and appropriated by them. The bill of lading was in the defendants' name, was sent to the plaintiff, and a draft for the amount due, which was attached thereto, was paid by him before the arrival of the goods. There was evidence that the plaintiff paid switching charges which he need not have paid if the cars had been shipped to his place of business, and that his employees were idle for some time because of the nonarrival of the junk.

Motions by the defendants for a judgment notwithstanding the verdict, for the direction of a verdict, and to set aside the verdict and to grant a new trial were denied, and judgment was rendered for the plaintiff for the amount of damages found by the jury and for the costs of the plaintiff. This is an appeal from such judgment.

For the appellants there was a brief by *T. S. Nolan,* attorney, and *W. B. Rubin,* of counsel, and oral argument by *W. C. Zabel.*

For the respondent there was a brief by *Fethers, Jeffris & Mouat,* attorneys, and *C. D. Rosa,* of counsel, and oral argument by *M. O. Mouat.*

SIEBECKER, J. Appellants contend that the title to the property covered by the purchase of plaintiff from them did not pass until the goods arrived at Chicago at plaintiff's place of business. This question is controlled by the intention of the parties to the contract. It appears that defendants in the first instance bargained with plaintiff for the sale of part of the goods, and that he thereafter, while at defendants' place of business in Beloit, purchased the remainder of

defendants' stock, which comprised the greater portion of the
goods purchased.   There is evidence tending to show that
before the sale was concluded at the lump price of $800 some
of the goods were separated and laid out in the storehouse
of the defendants in plaintiff's presence; that plaintiff then
paid a part of the purchase money, and that defendants
agreed to transfer the goods from their storeroom to the cars;
that plaintiff remained with defendants to attend to the load-
ing of the goods; and that, after paying an additional $100
of the purchase price to the defendants before the loading
into the cars had been completed, he directed defendants to
attend to billing the goods for him and shipping them to his
address at Chicago.   It appears that plaintiff received the
bill of lading from defendants and the attached draft for
the unpaid purchase price and paid it several days before
the goods had arrived at his place of business in Chicago.
From these and other facts and circumstances adduced in
evidence we are persuaded that the jury were warranted in
concluding that the parties intended the title to the property
purchased should pass at the time of the purchase and before
the goods were transferred to the cars at Beloit.   The con-
duct of the parties, the payment of the purchase price before
delivery, and the control of the transfer and the shipment
of the goods by plaintiff strongly support the conclusion of
a completed sale and transfer of the property before the
shipment from the defendants' storeroom.   Since the jury
were justified in finding the plaintiff owned the goods when
they were being loaded into the cars, it follows, in view of the
other evidence adduced, that their verdict finding defend-
ants guilty of appropriating and converting a portion of
them to their own use must stand.   The court properly
awarded judgment in plaintiff's favor.

*By the Court.*—Judgment affirmed.